**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

RICKIE EARN BERNA
ADC #80609                                                                                              PLAINTIFF

VS.                                          5:04CV00388 GH/JTR

MS. ROBINSON, Maximum Security Unit,
Arkansas Department of Correction, et al.                                      DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge George

Howard, Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include a "Statement of Necessity" that sets forth

the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge

(if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

On October 26, 2004, Plaintiff, who is currently incarcerated at the Maximum Security Unit ("MSU") of the Arkansas Department of Correction ("ADC"), commenced this *pro se* § 1983 action against Defendants. *See* docket entry #1. Defendants have filed a Motion to Dismiss and a Supporting Brief, to which Plaintiff has filed a Response. *See* docket entries #30, #31, and #33. For the reasons set forth herein, the Court recommends that the Motion be granted and that this § 1983 action be dismissed, with prejudice. Additionally, the Court further recommends that Plaintiff's Motion for Rule to Name Additional Defendants (docket entry #34), and Motion to Compel Discovery and for Sanctions (docket entry #35) be denied, as moot.[1]

---

[1] On July 28, 2005, Judge Howard referred all of the above-listed Motions, which are pending in this "550" action, to this Court "for either disposition or recommended disposition as each warrants." *See* docket entry #36.

## II.  Background

In May of 1983, Plaintiff was convicted of one count of rape, three counts of kidnapping, and one count of aggravated robbery.  *See Berna v. State,* 670 S.W.2d 434, 435 (Ark. 1984).  For those crimes, he was sentenced to life plus eighty years in state prison.  *Id.*  Plaintiff's convictions and sentences were subsequently affirmed on appeal.  *Id.*

On January 22, 2004, Plaintiff prepared a clemency application, which was denied by the Governor on June 22, 2004.  *See* docket entry #1.  In the Governor's letter to Plaintiff denying his request for clemency, the Governor stated the following:

> I have reviewed your application for executive clemency, specifically, a commutation, from the Post Prison Transfer Board. After careful consideration of the information in your file, including but not limited to the recommendation of the Post Prison Transfer Board, advice and input from local law enforcement, prosecutors and the victim or the victim's family, if applicable, your application must be denied.

*See* docket entry #1 at 16.  Additionally, on August 6, 2004, the Post Prison Transfer Board ("PPTB") sent Plaintiff a "Record of Release Consideration," which states:

> The action of the board and the most significant reasons for that action are recorded below. For a more complete explanation, contact the Institutional Parole Officer.  After due deliberation, the Board ordered the following action:

> ACTION:  Governor Denied Exec. Clemency

> REASONS FOR ACTION:  None

> PRERELEASE CONDITIONS:  None

> CONDITIONS OF RELEASE:  None

> BOARD IMPOSED DATE:  [left blank]

> COMMENTS:  None

*Id.* at 15.

-3-

In his Complaint (docket entry #1), Plaintiff makes the following claims against the various Defendants:

(1)     Defendant Robinson, (the MSU Institutional Parole Officer) and three unknown members of the Parole Board did not:  (a) investigate his clemency application and interview inmates, as required by Ark. Code Ann. § 16-93-703; and (b) investigate and transfer that application to the  PPTB,[2]  as required by Ark. Code Ann. § 16-93-204;

(2)     Defendants Leroy Brownlee, John Felts, John Belken, Erma Fingers Hendrix, Carolyn Robinson, Larry Zeno, and William Walker, Jr. (all of whom are members of the PPTB), did not properly investigate his clemency application, as required by Ark. Code Ann. § 16-93-204;

(3)     Defendant Governor Mike Huckabee denied his clemency application without reviewing a PPTB recommendation and investigation, as required by Ark. Code Ann. § 16-93-204;

(4)     The Arkansas Department of Correction[3] has improperly classified

_____

[2] Plaintiff apparently believes that the Parole Board and the PPTB are separate entities.  As explained in the commentary to Ark. Code Ann. § 16-93-202, the history of that single entity is as follows: (1) in 1989 the General Assembly created the State Board of Parole and Community Rehabilitation," otherwise known as the "Parole Board," *see* Acts 1989, No. 937; (2) in 1993, the General Assembly changed the name of that entity to the "Post Prison Transfer Board," *see* Acts 1993, Nos. 530 and 547; and (3) in 2005, which was after Plaintiff applied for clemency, the name was changed to "Parole Board," *see* Acts 2005, No. 1033.

[3] Although Plaintiff mentioned the ADC in the text of his Complaint, he did not list that entity  in section I, B of the Complaint form that requires the prisoner to list the Defendants named in the action.  *See* docket entry #1, at 1 through 2.  However, for the purpose of this Recommended

him as ineligible for parole;

(5)     Defendants Robinson, the unknown members of the Parole Board,

Norris, and other individuals who have <u>not</u> been named as Defendants

in this action[4] have improperly granted parole to ineligible inmates;

and

(6)     Defendant Norris, and other individuals who have <u>not</u> been named as

Defendants in this action, have violated Ark. Code Ann. § 16-93-208

by maintaining a parole board at each unit.

By way of relief, Plaintiff asks the Court to issue an injunction requiring the Defendants to

properly process his clemency application, award monetary damages, and order that criminal charges

be filed against Defendants. *Id.*

### III.  Discussion

In their Motion to Dismiss, Defendants assert that this case should be dismissed, with

prejudice, because Plaintiff has failed to state a claim upon which relief may be granted.  *See* docket

entries #30 and #31.  This argument will be addressed as to each of the claims Plaintiff has raised

in this action.

**A.      Claims 1, 2, and 3 – Failure to Comply with Ark. Code Ann. §§ 16-93-703 and 204**

First, Plaintiff alleges that Defendant Robinson and the Parole Board did not investigate his

clemency application and conduct inmate interviews as required by Ark. Code Ann. § 16-93-703.

_____

Disposition, the Court will assume that Plaintiff has properly named the ADC as a Defendant.

[4]  Specifically, Plaintiff refers to "each of the wardens at each [ADC] unit and . . . Sharon
Draper." *See* docket entry #1 at 7-8.

*See* docket entry #1 at 4-5 and 8-11.  Ark. Code Ann. § 16-93-703 provides that:

> (a)      The Board of Pardons and Paroles shall not schedule <u>parole hearings</u> at which victims or relatives of victims of crime are invited to appear at a facility wherein inmates are housed other than the Central Administration Building of the Department of Correction at Pine Bluff.

> (b)      Nothing in this section shall be construed as prohibiting the Board of Pardons and Paroles from conducting <u>parole hearings</u> in two (2) sessions, one (1) at the place of the inmate's incarceration for interviews with the inmate, the inmate's witnesses, and correctional personnel, and the second session for victims and relatives of victims as set out in subsection (a) of this section.

(Emphasis added.)  The plain language of this statute unequivocally states that it applies to "parole hearings," and not clemency applications, as asserted by Plaintiff.  Thus, the Court concludes that Plaintiff has failed to state a claim for relief based upon the Defendants' alleged violation of Ark. Code Ann. § 16-93-703.

Plaintiff also alleges that various Defendants denied him due process when they failed to process his clemency application as required by Ark. Code Ann. § 16-93-204.[5]  *See* docket entry #1 at 4-5 and 8-11.  Specifically, Plaintiff alleges that:  (1) Defendant Robinson did not forward his application to the PPTB; (2) the PPTB did not investigate his application, interview Plaintiff and others who were involved in the state court trial, conduct a hearing, or issue a recommendation to the Governor; and (3) the Governor did not review a PPTB recommendation prior to making his

---

[5]  Arkansas Code Annotated § 16-93-204, which is a lengthy statute that need not be quoted, sets forth certain procedures that must be followed when processing an inmate's clemency application. Although inmates do <u>not</u> have a <u>substantive</u> due process right to challenge the outcome of the Governor's clemency decision, they <u>do</u> have a <u>procedural</u> due process right to ensure that the procedures for processing a clemency application are correctly followed.  *Compare Noel v. Norris*, 336 F.3d 648, 649 (8th Cir. 2003) (allowing an inmate to file a § 1983 action challenging the defendant's refusal to give him a brain-scan and provide him with sufficient time to prepare for a clemency hearing), *with Roll v. Carnahan,* 225 F.3d 1016, 1017 (8th Cir. 2000) (holding that two inmates failed to state a viable § 1983 claim when they asserted that a pending election prevented the Governor from objectively evaluating their clemency applications).

decision to deny Plaintiff clemency.

In his Reply to the Motion to Dismiss, Plaintiff admits that he bases these allegations solely on the content of the PPTB's August 6, 2004 Record of Release Considerations, which does not specify what the PPTB's recommendation was and, instead, merely states that the Governor denied Plaintiff's clemency application.  *See* docket entry #33.  In other words, Plaintiff <u>speculates</u> that the PPTB could not have conducted an investigation and made a recommendation to the Governor because neither is mentioned in the August 6, 2004 document.  Suffice it to say, there is nothing in the August 6, 2004 document to support a reasonable presumption or inference that the PPTB failed to conduct an investigation into Plaintiff's application for clemency or forward a clemency recommendation to the Governor.  This conclusion is strongly supported by the statement in the August 6, 2004 document that  Plaintiff can contact his Institutional Parole Officer for "a more complete explanation" as to why his clemency application was denied.  *See* docket entry #1 at 15.

More importantly, the Governor's June 22, 2004 letter, <u>which Plaintiff attached to his Complaint</u>, unequivocally refutes Plaintiff's mistaken beliefs as to how his clemency application was processed.  *See* docket entry #1 at 16. Specifically, the letter states that Plaintiff's application was forwarded to the PPTB, which received recommendations from various individuals involved in the state trial and then made a recommendation to the Governor.  Furthermore, contrary to Plaintiff's assertion, Ark. Code Ann. § 16-93-204 does <u>not</u> require the PPTB to interview the applying prisoner or to conduct a hearing.[6]  Accordingly, the Court concludes that Plaintiff has also failed to state a

---

[6]  Ark Code Ann. § 16-93-204(a)(1)(A) simply states that the PPTB shall conduct an "investigation," without specifying what must be included in that investigation.  Subsection (c)(1) provides that the PPTB "shall have the power" to subpoena witnesses to appear before a hearing, but it does not require that a hearing be held or specify any witness that must be interviewed.  Similarly, subsection (d)(1) states that the PPTB shall "solicit the written and oral recommendations of the

claim for relief based upon the Defendants' alleged violation of Ark. Code Ann. § 16-93-204.

**B.     Claim 4 – Parole Eligibility**

Plaintiff contends that the ADC is incorrectly determining his parole eligibility date.  *See* docket entry #1 at 5-6.  The Court concludes that this allegation fails to state a viable § 1983 claim for two reasons.

First,  it is well settled that the Eleventh Amendment bars a plaintiff from naming a state or a state entity, such as a department of correction, as a defendant in a § 1983 action.  *See Brown v. Missouri Dep't of Corr.,* 353 F.3d 1038, 1041 (8th Cir. 2004) (holding that department of corrections is not a "not a proper party under section 1983");  *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that the Eleventh Amendment bars § 1983 claims against the state and its agencies); *Glick v. Henderson*, 855 F.2d 536, 540 (8th Cir. 1988) (explaining that a state agency is entitled to Eleventh Amendment immunity because – unlike state employees – a "state agency which is the sole creation of the state has no separate identity, and thus cannot be stripped of its official character").

Second, even if the Court were to assume that Plaintiff has named a proper defendant in regard to this claim, it is well settled that parole challenges, which potentially affect the length of a prisoner's sentence, can only be raised in a federal habeas action, after the prisoner has fully and completely exhausted all available remedies in state court.  *See* 28 U.S.C. § 2254 (b)(1)(A) (stating that a federal court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (explaining

committing court, the prosecuting attorney, the sheriff," and, under certain circumstances, the victim and his or her next of kin.  However, that subsection does not require that: (1) those individuals respond to the solicitation; (2) the applying inmate be interviewed; or (3) a hearing be held.  Finally, subsection (d)(5)(A) provides that a victim and his or her next of kin must be notified "[i]f a hearing will be held on the application" –  but it does not require the PPTB to hold such a hearing.

that a court must look to substance of relief sought to determine if action is § 1983 suit or habeas

corpus action; prisoner's labeling of the suit is not controlling); *Wilson v. Lockhart*, 949 F.2d 1051,

1051-52 (8th Cir.1991) (holding that a challenge which would result, if successful, only in earlier

eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas

petition).   Accordingly, the Court concludes that Plaintiff has failed to state a viable § 1983 claim

in regard to his parole eligibility.

## C.      Claim 5 – Improper Grant of Parole to Other Inmates

Plaintiff alleges that various Defendants have granted parole to other inmates who do not,

under Arkansas law, qualify for such release.  *See* docket entry #1 at 7-8 and 11.  Plaintiff further

contends that by improperly granting parole to those inmates, Defendants have been accomplices to

their "escapes" and, thus, criminal charges should be brought against them.

All federal litigants, including prisoners seeking relief under § 1983, must satisfy basic

constitutional standing requirements. *Smith v. Arkansas Dep't. of Corr.*, 103 F.3d 637, 643 (8th Cir.

1996); *see also Mausolf v. Babbitt,* 85 F.3d 1295, 1301 (8th Cir. 1996) (explaining that:  "The

standing requirement is, as its core, a constitutionally mandated prerequisite for federal jurisdiction,

and an essential and unchanging part of the case-or-controversy requirement of Article III").   In

*United States v. Hays*, 515 U.S. 737, 742-743 (1995), the Supreme Court set forth the elements of

constitutional standing as follows:

> First, the plaintiff must have suffered an "injury in fact" –  an invasion of a legally
> protected interest that is (a) concrete and particularized, and (b) actual or imminent,
> not conjectural or hypothetical. Second, there must be a causal connection between
> the injury and the conduct complained of . . . .  Third, it must be likely, as opposed
> to merely speculative, that the injury will be redressed by a favorable decision.

Plaintiff has not explained how he was personally "injured in fact" by Defendants' allegedly

improper decisions to grant parole to other inmates.  Thus, the Court concludes that these allegations

fail to state a claim upon which relief may be granted.

**D.      Claim 6 – Parole Board at Each Unit**

Finally, Plaintiff alleges that various Defendants have violated Ark. Code Ann. § 16-93-208[7]

by maintaining a "parole board" at each prison unit.  *See* docket entry #1 at 7.  The Court seriously

questions whether, in fact, this allegation is true.[8]  However, even if it were true, Plaintiff does not

have standing to raise such a challenge because he has not demonstrated how he was "injured in fact"

by the alleged maintenance of a "parole board" at each prison unit.  Accordingly, the Court also

concludes that these allegations fail to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion to Dismiss (docket entry #30) be GRANTED and that the

Complaint (docket entry #1) be DISMISSED, WITH PREJUDICE.

2.      Plaintiff's Motion for Rule to Name Additional Defendants (docket entry #34) and

Motion to Compel Discovery and for Sanctions (docket entry #35) be DENIED, AS MOOT.

3.      Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g),

---

[7]Arkansas Code Annotated § 16-93-208 provides that: "The Department of Correction and the Department of Community Correction may provide services, furnishings, equipment, and office space to assist the Post Prison Transfer Board in fulfilling the purposes for which the board was created by law."

[8] As previously explained in this Recommendation, the Arkansas statutes provide for a single parole entity, which has been called by various names since its creation.

for failing to state a claim upon which relief may be granted.[9]

4.        The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[10] that an *in forma pauperis*

appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith

Dated this 29th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[9] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[10] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."